UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN CUSTOMER
SATISFACTION INDEX, LLC,

       Plaintiff,                Case No. 2:17-cv-12554

   -vs-                   Hon.

GENESYS
TELECOMMUNICATIONS
LABORATORIES, INC., a California
corporation,

AND

INTERACTIVE INTELLIGENCE,
INC., an Indiana corporation.


       Defendants.
_____

CLARK HILL PLC
By:  Karl J. Edward Fornell (P76327)
    Anthony A. Agosta (P57355)
    Timothy M. McCarthy (Ill. 6187163)
Attorneys for Plaintiff
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
kfornell@clarkhill.com
aagosta@clarkhill.com
TMccarthy@ClarkHill.com
_____

**There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this Court, nor has any such action been previously filed and dismissed after being assigned to a judge.**

## COMPLAINT

Plaintiff American Customer Satisfaction Index, LLC ("Plaintiff" or "The ACSI"), by its undersigned counsel, complains of Genesys Telecommunications Lab, Inc. ("Genesys") and Interactive Intelligence, Inc. ("ININ") (collectively "Defendants") as follows:

### PARTIES, JURISDICTION, AND VENUE

1.       This is an action for Federal Trademark Infringement, Unfair Competition and Dilution in violation of the Lanham Act, 15 U.S.C.A. §§ 1114(1), 1125(a), 1125(c); violation of the Michigan Trademark Act, MCLA §§ 429.31 *et seq.*; and the common law of the State of Michigan.

2.       The ACSI is a Michigan limited liability company with its registered office located at 625 Avis Dr., Ann Arbor, Michigan, which is in this judicial district.

3.       Upon information and belief, Genesys is a California corporation with its principle place of business in Daly City, California.

4.       Upon information and belief, Genesys is authorized to conduct business in Michigan, with a registered agent located at 601 Abbot Road, East Lansing, Michigan.

2

5.      Upon information and belief, ININ is an Indiana corporation with its principle place of business in Indianapolis, Indiana.

6.      Upon information and belief, ININ conducts business in the state of Michigan in connection with the acts and omissions alleged herein, including but not limited to entering into contracts with Michigan business entities, collaborating with Michigan business entities to further its sales and marketing efforts, offering and/or selling its products and services in Michigan, sending its employees and/or agents to Michigan in furtherance of ININ's business, and disseminating its advertisements and marketing materials to business entities located and/or doing business in Michigan.

7.      Defendants ININ and Genesys have directly done and/or caused acts to be done, and/or caused consequences to occur in the State of Michigan, resulting in injuries to The ACSI.

8.      Defendants ININ and Genesys and/or its agents, have directly done and/or caused acts to be done and/or the consequences to occur in the State of Michigan, which have resulted in injuries to The ACSI.

9.      Defendants ININ and Genesys' acts of infringement of The ACSI's trademark and trade name, as complained of herein, have resulted in injuries occurring to The ACSI in the State of Michigan, within the jurisdiction of this Court.

10.     Subject matter jurisdiction is founded, *inter alia,* upon 15 U.S.C. § 1121 and 28 U.S.C. § 1338, and the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11.     This Court has general *in personam* jurisdiction over Defendants in this cause.

12.     This Court has limited or specific *in personam* jurisdiction over Defendants pursuant to Mich. Comp. Laws § 600.705; Mich. Stat. Ann. § 27A.705 and Mich. Comp. Laws § 600.715; Mich. Stat. Ann. § 27A.715.

13.     Venue is properly laid in this judicial district, pursuant to 28 U.S.C. § 1391(b)(3).

14.     The matter in controversy exceeds, exclusive of interest, costs and attorney fees, the sum of $100,000.00.

## GENERAL ALLEGATIONS

15.     The ACSI incorporates the allegations in paragraphs 1-13.

16.     The ACSI is a company that, among other things, produces the American Customer Satisfaction Index ("the Index").  The Index is an economic indicator that measures the satisfaction of consumers for companies across many sectors in the U.S. economy.

17.     The Index is the only national cross-industry measure of customer satisfaction in the country.

4

18.     The Index benefits businesses, researchers, policy makers, and consumers alike by serving as a national indicator of the health of the U.S. economy.

19.     The ACSI has developed proprietary survey questions, survey methodology, and survey analytic methodology, the results of which are evaluated to produce an ACSI score. The ACSI score is included within the Index and can be used by companies to benchmark their customer satisfaction performance.

20.     Among other services, The ACSI offers its subscribers an ACSI score and the key metrics and analysis underlying and driving that score. The ACSI's proprietary processes enable its subscribers to gauge competitiveness, identify key drivers of customer satisfaction, and predict future profitability.

21.     The ACSI generates ACSI scores using its proprietary survey analytics and proprietary methodology, none of which has been licensed to Genesys or ININ. Accordingly, The ACSI is the only company that can issue an "ACSI score" or produce "ACSI-compliant" surveys

22.     The ACSI's business customers use their score, benchmarked against the scores of competitors, as a tool for gauging the competitiveness and predicting future profitability.

23.     The ACSI's customers purchase subscriptions, which provide them with access to in-depth perspectives that quantify their customer satisfaction

5

survey results and relationship with key metrics of performance drivers.   The subscription provides customers with a host of data and the analysis underlying their ACSI score, as well as key ways to efficiently and meaningfully improve their customer satisfaction scores.

24.    The ACSI name and marks have become well recognized in the field of customer satisfaction surveying, analytics, and benchmarking.

25.    The ACSI uses and disseminates its marks with recognized ™, ®, and <sup>SM</sup> symbols, putting Defendants on notice that its marks are registered and legally protected.

26.    Initially, The ACSI was owned by the University of Michigan.   In 2008, The ACSI was spun off from the University of Michigan and became a private entity.

27.    In September of 2008, The ACSI and the University of Michigan entered into an exclusive licensing agreement that provided The ACSI with, *inter alia*, all rights and responsibilities for policing and enforcement of trademark rights in its name and protected ACSI marks and name.

28.    As a result of the September 2008 exclusive licensing agreement between The ACSI and the University of Michigan, The ACSI is the exclusive licensee of the following United States Trademark registrations (hereinafter "the Registrations"):

6

      a.      United States Trademark Registration No. 2122772 for the word mark ACSI (copy of certificate attached as **Exhibit A**);

      b.      United States Trademark Registration No.  2122752 for the mark ACSI and design (copy of certificate attached as **Exhibit B**).

29.    The ACSI has continuously used its marks and name to advertise its services since at least 2008.

30.    Long prior to the acts of Defendants, The ACSI has used and continues to use the trade name and trademarks listed herein as its business name and in connection with the products it markets and sells.  The ACSI has used its name and marks continuously and extensively in interstate commerce, including in the State of Michigan, in connection with the advertising and sale of its products.

31.    The ACSI's marks and name are legally protectable.

32.    The Registrations have become uncontestable under the Lanham Act and are conclusive evidence of the validity of the registered marks, the registration of the marks, The ACSI's ownership rights in the marks, and its exclusive right to use the marks with the registered services.

33.    The marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of The ACSI's services and its goodwill.

34.    Defendants have no right to use The ACSI's marks and name in marketing and selling its products and services.

7

35.     Notwithstanding The ACIS's well-known and prior rights in the marks, Defendants, with notice of The ACSI's rights, and long after The ACSI established its rights, adopted and used The ACSI's marks and name in marketing and selling its products and services.

36.     For example, Genesys is marketing and selling "ACSI-compliant surveys"          at          https://www.genesys.com/inin/solutions/customer-engagement/workforceoptimization/feedback.  However, there is no such thing as an "ACSI compliant" survey other than those surveys created by The ACSI itself and provided to ACSI customers.

37.     As an additional example, ININ has marketed and sold its products purporting to be "ACSI scores" and has been using a derivative of The ACSI's trademark in marketing and selling its products and services.  However, only The ACSI can issue an ACSI score.

38.     In reliance upon the representations made by ININ and/or Genesys, ININ and/or Genesys customers have made the same or similar misrepresentations to their customers and end-users.

39.     Defendants' use of The ACSI's marks and name causes likelihood of confusion, deception, and mistake as to the affiliation, connection, imprimatur, or association of Defendants with The ACSI.

8

40.     The ACSI has been contacted by customers of ININ and/or Genesys that ININ and/or Genesys to whom Defendants have sold "ACSI scores."

41.     The scores sold by ININ and/or Genesys are not ACSI scores as they were not produced by The ACSI.

42.     Defendants have no trademark or other intellectual property rights in The ACSI marks or name, and have no right to sell, market, or advertise the sale of ACSI scores or ACSI-compliant surveys or survey questions.

43.     The ACSI notified Defendants of their infringement and demanded Defendants cease all infringing activities, but Defendants have failed, refused, or otherwise failed to respond to or comply with The ACSI's demands.

44.     Defendants have purposely and intentionally used The ACSI marks and name without authority and with knowledge of The ACSI's exclusive rights. Defendants' conduct is therefore willful.


## COUNT I - FEDERAL TRADEMARK INFRINGEMENT

45.     The ACSI incorporates the allegations in Paragraphs 1 through 44.

46.     Defendants' use of The ACSI marks in commerce in connection with the sale, offering for sale, distribution, or advertising of its customer satisfaction survey services and analytics is likely to cause confusion, or to cause mistake, or to deceive.

9

47.     Defendants' use of The ACSI marks in commerce in connection with the sale, offering for sale, distribution, or advertising of its customer satisfaction survey services has caused actual confusion, mistake, and deception in the market.

48.     Defendants' conduct constitutes trademark infringement under 15 U.S.C. Section 1114.

49.     Defendants' conduct has caused damage to The ACSI.

50.     Defendants' conduct will cause further irreparable injury to The ACSI if Defendants are not restrained by this Court from further violation of The ACSIs' rights.

51.     The ACSI is entitled to damages for trademark infringement, in an amount to be proved at trial.

**WHEREFORE**, Plaintiff American Customer Satisfaction Index, LLC demands judgment in its favor and against Defendants and for the following forms of relief:

A.     An Order enjoining and restraining Defendants and its officers, agents, servants, employees, and all those persons acting in concert or participation with it, from:

1.   Using the name ACSI or any confusingly similar designation, alone or in combination with other words, as a trademark, trade name

10

component or otherwise, to market, advertise or identify Defendants' business, products, and/or services;

    2.   Otherwise infringing The ACSI's trade name and trademarks;

    3.   Unfairly competing with The ACSI in any manner whatsoever; and,

    4.   Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of The ACSI's symbols, labels, or forms of advertisement.

B.    An Order requiring Defendants to deliver up and destroy all devices, literature, advertising and other material bearing the infringing designations.

C.    An Order requiring Defendants to inform their customers and end users that they are not affiliated with The ACSI and that any products or services they have provided to their customers or end users are not endorsed, approved, or connected with The ACSI in any way.

D.    An Order requiring Defendants to file with this Court and serve on The ACSI within thirty days after the entry of the Order, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

E.    An Order awarding The ACSI its compensatory monetary damages after an accounting, plus interest, treble damages, and its reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and (b) or otherwise.

F.    Such other and further relief as this Court may deem just.

## COUNT II - FEDERAL UNFAIR COMPETITION

52.    For Count II, The ACSI incorporates the allegations of Paragraphs 1 through 51.

53.    Defendants' use of The ACSI's marks in commerce is a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact.

54.    Defendants' use of the marks in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with The ACSI, or to the origin, sponsorship, imprimatur, or approval of Defendants' products and services by The ACSI.

55.    Defendants' use of the marks in commerce has caused actual confusion, mistake, and deception as to the affiliation, connection, imprimatur, or association of Defendants with The ACSI, or to the origin, sponsorship, or approval of Defendants' products and services by The ACSI.

56.    Defendants' conduct violates 15 U.S.C. § 1125(a).

216056334.1 58228/315774

57.    Defendants' conduct has caused damage to The ACSI.

58.    Defendants' conduct will cause further irreparable injury to The ACSI if they are not restrained by this Court from further violation of The ACSI's rights.

**WHEREFORE**, Plaintiff American Customer Satisfaction Index, LLC demands judgment in its favor and against Defendants and for the following forms of relief:

A.    An Order enjoining and restraining Defendants and its officers, agents, servants, employees, and all those persons acting in concert or participation with it, from:

1.    Using the name ACSI or any confusingly similar designation, alone or in combination with other words, as a trademark, trade name component or otherwise, to market, advertise or identify Defendants' business, products, and/or services;

2.    Otherwise infringing The ACSI's trade name and trademarks;

3.    Unfairly competing with The ACSI in any manner whatsoever; and,

4.    Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of The ACSI's symbols, labels, or forms of advertisement.

216056334.1 58228/315774

B.     An Order requiring Defendants to deliver up and destroy all devices, literature, advertising and other material bearing the infringing designations.

C.     An Order requiring Defendants to inform their customers and end users that they are not affiliated with The ACSI and that any products or services they have provided to their customers or end users are not endorsed, approved, or connected with The ACSI in any way.

D.     An Order requiring Defendants to file with this Court and serve on The ACSI within thirty days after the entry of the Order, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

E.     An Order awarding The ACSI its compensatory monetary damages after an accounting, plus interest, treble damages, and its reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and (b) or otherwise.

F.     Such other and further relief as this Court may deem just.

## COUNT III – VIOLATION OF MCL 429.42

59.     For Count III, The ACSI incorporates the allegations of Paragraphs 1 through 57.

60.     Defendants' use of The ACSI"s marks and name in commerce is a false designation of origin, false or misleading description of fact, or a false or misleading representation of fact.

14

61.     Defendants' use of The ACSI's marks and name in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with The ACSI, or to the origin, sponsorship, or approval of Defendants' products and services by The ACSI.

62.     Defendants' use of The ACSI's marks and name in commerce has caused actual confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with The ACSI, or to the origin, sponsorship, or approval of Defendants' products and services by The ACSI.

63.     Defendants' use of The ACSI"s marks, trade dress, and name in commerce constitutes "passing off" its services as those of The ACSI, thus creating confusion between Defendants' products and services and The ACSI's products services.

64.     Defendants' conduct is fraudulent or deceptive and tends to mislead the public.

65.     Defendants' conduct constitutes unfair competition under the common law of the State of Michigan.

66.     Defendants' conduct has caused damage to The ACSI.

67.     Defendants' conduct will cause further irreparable injury to The ACSI if they are not restrained by this Court from further violation of EBS's rights.

15

**WHEREFORE**, Plaintiff American Customer Satisfaction Index, LLC demands judgment in its favor and against Defendants in whatever amount in excess of this Court's jurisdictional limit to which it may be found entitled, together with interest, costs and attorney fees.

## COUNT IV - COMMON-LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

68. For Count IV, The ACSI incorporates the allegations of Paragraphs 1 through 67.

69. The State of Michigan expressly recognizes the rights and enforcement of rights in trade names and trademarks acquired under the common law. Mich. Comp. Laws. § 429.44.

70. The ACSI's marks and name are source identifiers for the customer satisfaction surveys and result analytics that The ACSI provides.

71. Defendants' conduct in connection with the sale, offering for sale, distribution, or advertising of its products and services in commerce, on or in connection with such use, is likely to cause confusion, or to cause mistake, or to deceive.

72. Defendants' conduct in connection with the sale, offering for sale, distribution, or advertising of its products and services in commerce, on or in connection with such use, has caused actual confusion, mistake, and/or deception.

16

73.     Defendants' conduct therefore constitutes trademark infringement under the law of the State of Michigan.

74.     Defendants' conduct has caused damage to The ACSI.

75.     Defendants' acts have resulted in Defendants' unjust enrichment.

76.     Defendants' conduct will cause further irreparable injury to The ACSI if they are not restrained by this Court from further violation of The ACSI's rights.

**WHEREFORE**, Plaintiff American Customer Satisfaction Index, LLC demands judgment in its favor and against Defendants and for the following forms of relief:

A.     An Order enjoining and restraining Defendants and its officers, agents, servants, employees, and all those persons acting in concert or participation with it, from:

1.     Using the name ACSI or any confusingly similar designation, alone or in combination with other words, as a trademark, trade name component or otherwise, to market, advertise or identify Defendants' business, products, and/or services;

2.     Otherwise infringing The ACSI's trade name and trademarks;

3.     Unfairly competing with The ACSI in any manner whatsoever; and,

17

4.   Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of The ACSI's symbols, labels, or forms of advertisement.

B.     An Order requiring Defendants to deliver up and destroy all devices, literature, advertising and other material bearing the infringing designations.

C.     An Order requiring Defendants to inform their customers and end users that they are not affiliated with The ACSI and that any products or services they have provided to their customers or end users are not endorsed, approved, or connected with The ACSI in any way.

D.     An Order requiring Defendants to file with this Court and serve on The ACSI within thirty days after the entry of the Order, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

E.     An Order awarding The ACSI its compensatory monetary damages after an accounting, plus interest, treble damages, and its reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and (b) or otherwise.

F.     Such other and further relief as this Court may deem just.

## COUNT V - COMMON-LAW UNFAIR COMPETITION

77.   For Count V, The ACSI incorporates the allegations of Paragraphs 1 through 76.

78.     Defendants' conduct in connection with the sale, offering for sale, distribution, or advertising of its products and services in commerce, on or in connection with such use, is likely to cause confusion, or to cause mistake, or to deceive.

79.     Defendants' conduct in connection with the sale, offering for sale, distribution, or advertising of its products and services in commerce, on or in connection with such use, has caused actual confusion, mistake, and/or deception.

80.     Defendants' conduct therefore constitutes unfair competition under the law of the State of Michigan.

81.     Defendants' conduct has caused damage to The ACSI.

82.     Defendants' acts have resulted in Defendants' unjust enrichment.

83.     Defendants' conduct will cause further irreparable injury to The ACSI if they are not restrained by this Court from further violation of The ACSI's rights.

**WHEREFORE**, Plaintiff American Customer Satisfaction Index, LLC demands judgment in its favor and against Defendants and for the following forms of relief:

A.     An Order enjoining and restraining Defendants and its officers, agents, servants, employees, and all those persons acting in concert or participation with it, from:

1. Using the name ACSI or any confusingly similar designation, alone or in combination with other words, as a trademark, trade name component or otherwise, to market, advertise or identify Defendants' business, products, and/or services;

2. Otherwise infringing The ACSI's trade name and trademarks;

3. Unfairly competing with The ACSI in any manner whatsoever; and,

4. Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of The ACSI's symbols, labels, or forms of advertisement.

B.   An Order requiring Defendants to deliver up and destroy all devices, literature, advertising and other material bearing the infringing designations.

C.   An Order requiring Defendants to inform their customers and end users that they are not affiliated with The ACSI and that any products or services they have provided to their customers or end users are not endorsed, approved, or connected with The ACSI in any way.

D.   An Order requiring Defendants to file with this Court and serve on The ACSI within thirty days after the entry of the Order, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

216056334.1 58228/315774

E.     An Order awarding The ACSI its compensatory monetary damages after an accounting, plus interest, treble damages, and its reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and (b) or otherwise.

F.     Such other and further relief as this Court may deem just.

Respectfully submitted,

CLARK HILL PLC

By:
        */s/ Karl J. Edward Fornell*
        Karl J. Edward Fornell (P76327)
        Attorneys for Plaintiff
        500 Woodward Avenue, Suite 3500
        Detroit, Michigan 48226
        (313) 965-8300
        kfornell@clarkhill.com

        Timothy M. McCarthy (Ill. 6187163)
        130 E. Randolph St., 39th Fl.
        Chicago, Illinois 60601
        (tel) 312-985-5561
        (fax) 312 985-5961

Dated:  August 8, 2017

216056334.1 58228/315774

## **VERIFICATION**

I, David VanAmburg, of the America Customer Satisfaction Index, LLC, plaintiff in this action: (i) am authorized by the American Customer Satisfaction Index, LLC to make this verification on its behalf; (ii) have personal knowledge of the facts alleged in this Verified Complaint; and (iii) am competent to testify to these facts if called upon to do so.   To the best of my knowledge, belief, and understanding, the factual allegations contained in the Verified Complaint are true and accurate.

Managing     Director,     American
Customer Satisfaction Index, LLC

Date: 8/3/17

216056334.1 58228/315774