UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN CUSTOMER
SATISFACTION INDEX, LLC,

    Plaintiff,

v.

GENESYS TELECOMMUNICATIONS
LABORATORIES, INC., *et al*,

    Defendants.

Case No. 17-cv-12554
Hon. Matthew F. Leitman

_____/

## ORDER GRANTING IN PART AND DENYING IN PART REGENTS OF THE UNIVERSITY OF MICHIGAN'S MOTION TO SUBSTITUTE IN FOR PLAINTIFF AMERICAN CUSTOMER SATISFACTION INDEX, LLC, AS THE REAL PARTY IN INTEREST ON COUNT I OF AMENDED COMPLAINT (ECF #55)

In this action, Plaintiff American Customer Satisfaction Index, LLC ("ASCI") alleges, among other things, that Defendant Genesys Telecommunications Laboratories, Inc. ("Genesys") infringed certain trademarks belonging to ASCI. (*See* Am. Compl., ECF #28.) On March 1, 2018, Genesys moved for judgment on the pleadings with respect to ASCI's claims of trademark infringement under the Lanham Act. (*See* Genesys Mot., ECF ## 31, 32.) Genesys argued that ASCI lacked standing to bring those claims because "the trademarks at issue are owned and registered by the University of Michigan," not ASCI. (ECF #32 at Pg. ID 192.) At

1

a hearing on Genesys' motion, all parties agreed that the University of Michigan would have standing to assert the Lanham Act claims.

On July 27, 2018, Regents of the University of Michigan ("Michigan") moved under Federal Rule of Civil Procedure 17(a) to substitute in for ASCI as the real-party-in-interest with respect to the Lanham Act claims. (*See* Michigan's Mot., ECF #55.) Genesys "does not oppose the substitution of Michigan as the real-party-in-interest under Rule 17(a) to assert claims under the Lanham Act." (Genesys Resp. Br., ECF #61 at Pg. ID 570.) Accordingly, the Court will **GRANT** Michigan's motion to the extent that it seeks to substitute Michigan in for ASCI on the Lanham Act claims pleaded in Count I of the Amended Complaint.

Michigan also seeks a second form of relief in its motion. It asks the Court to hold that its "claim[s] under the [Lanham Act] [] relate back to the date that ASCI filed the original Complaint, which is August 8, 2017." (Michigan's Mot., ECF #55 at Pg. ID 464.) Genesys opposes that portion of Michigan's motion. Genesys responds that while "[i]t may be that Michigan may turn out to be correct that its claim[s] indeed should be held to relate back," Michigan "is not entitled to such a ruling now." (Genesys Resp. Br., ECF #61 at Pg. ID 571.) Genesys asks the Court not to rule on whether Michigan's Lanham Act claims relate back until after the parties have had an opportunity to conduct some "meaningful discovery." (*Id.* at Pg. ID 572.)

The Court has carefully reviewed Michigan's relation-back argument. It appears, as Genesys candidly acknowledges, that Michigan "may turn out to be correct" that its Lanham Act claims do relate back to the filing of the initial Complaint. Michigan has cited authority in support of that proposition, and Genesys has not cited any contrary authority. Moreover, while Genesys claims that the resolution of the relation-back issue may depend upon factual development, there are reasons to doubt the correctness of that proposition. Nonetheless, the Court sees no pressing need to resolve the relation-back question at this stage of the litigation. Therefore, the Court will **DENY** the portion of Michigan's motion seeking a ruling on the relation-back issue **WITHOUT PREJUDICE**. If necessary, the Court will revisit this issue after discovery and upon the filing of an appropriate motion with full briefing on this issue.

**IT IS SO ORDERED**.

Dated: October 9, 2018

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 9, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

3